BLUE, Judge.
The appellants correctly contend the court erred in dismissing their complaint with prejudice. The complaint alleged Southwest Florida Management District (SWFMD) and Hillsborough County were negligent in their operation, control and maintenance of a drainage system, and this negligence proximately caused appellant’s properties to be flooded. The court found SWFMD to be immune from liability pursuant to section 373.443, Florida Statutes (1989), and found that Hillsborough County had no duty to act as alleged.
Section 373.443, Florida Statutes, provides:
No action shall be brought against the state or district, or any agents or employees of the state or district, for the recovery of damages caused by the partial or total failure of any stormwater management system, dam, impoundment, reservoir, appurtenant work, or works upon *736 the ground that the state or district is liable by virtue or any of the following:
(1) Approval of the permit for construction or alteration.
(2) The issuance or enforcement of any order relative to maintenance or operation.
(3) Control or regulation of stormwa-ter management systems, dams, im-poundments, reservoirs, appurtenant work, or works regulated under this chapter.
(4) Measures taken to protect against failure during emergency.
Interpreting this statute to allow SWFMD complete tort immunity would conflict with section 768.28, Florida Statutes (1989), which in general terms provides that the State of Florida has “waive[d] sovereign immunity for liability for torts” for itself as well as for “its agencies or subdivisions.” Where two statutes are found to be in conflict, rules of statutory construction must be applied to reconcile the conflict if possible. Debolt v. Dept. of Health & Rehab. Services, 427 So.2d 221 (Fla. 1st DCA 1983).
We interpret section 373.443 to provide that the various water management districts shall not be held liable if the permits they grant, the regulations they promulgate, or the control they exercise by reason of their permits, regulations, and orders lead to injuries. The immunity granted appears to be related to the planning functions of SWFMD as opposed to its operational activities. In the instant case, liability is subject to traditional tort analysis under section 768.28 since the complaint alleges negligence on the part of SWFMD through its operational level activities. See Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla.1979). We hold the court erred in dismissing the complaint on the basis that SWFMD was immune from suit.
We also hold that the court erred in granting Hillsborough County’s motion to dismiss. We agree with the trial court’s ruling that Hillsborough County had no duty to manage and control flood waters since sections 373.016 and 373.023, Florida Statutes (1989), delegate this responsibility to the Department of Environmental Regulation and the water management districts of this state. However, the issue in this case does not concern whether Hillsbor-ough County had a duty to act. The complaint alleges the county undertook the operation, control, and maintenance of a drainage system. If the county has undertaken to provide such a service, it assumes the responsibility to do so with reasonable care. Slemp v. City of North Miami, 545 So.2d 256 (Fla.1989). We conclude Hills-borough County can be held liable for damage if as alleged it is negligently maintaining, controlling or operating a drainage system.
The appellants’ complaint sufficiently alleged that it was the failure of SWFMD and Hillsborough County to properly maintain or operate the drainage system that caused damage to their property. Consequently, we reverse and remand to the trial court for further proceedings.
FRANK, A.C.J., and PATTERSON, J., concur.